George **TORRES,** Petitioner–Appellant,

v.

John P. **KEANE,** Superintendent, Respondent–Appellee.

No. 01–2283.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Barry D. Leiwant, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Petitioner.

William C. Milaccio, Assistant District Attorney (John M. Castellano, Assistant District Attorney, Richard A. Brown, District Attorney, Queens County), Queens County District Attorney's Office, Kew Gardens, NY, for Respondent, of counsel.

Present: Amalya L. KEARSE, José A. CABRANES Circuit Judges, and Richard M. BERMAN, District Judge.*

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Petitioner George Torres, a New York state prisoner, appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*) denying Torres's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts and procedural history.

In a Memorandum and Order dated April 25, 2001, the District Court rejected petitioner's claim that he had been denied due process based on the admission at trial of testimony that (1) petitioner had been arrested two days before the complainant reported to the police that she had been sexually assaulted by petitioner; and (2) petitioner, at the time of his prior arrest, was under investigation by the Brooklyn Sex Crimes Squad of the New York Police Department. *See Torres v. Keane*, No. 97 Civ. 3403, Mem. & Order, at 1 (E.D.N.Y. Apr. 25, 2001). The District Court emphasized that the admission of such testimony, even if erroneous, was "harmless" in light of "the strength of the case [against petitioner], the fact that the evidence was of an arrest and not a conviction, and because of the strong limiting instruction" that had been issued to the jury.[1] *Id.* at 2. In so

---

* The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

1. The trial court instructed the jury as follows:

   There was also testimony in the case that the defendant was arrested on October [8],

holding, the District Court distinguished the facts of petitioner's case from those cases in which "the aggressive use of marginally relevant evidence has been found to warrant reversal," noting that the prosecutor in petitioner's case had exercised "restraint" and failed to make any argument in summation "regarding the arrest or any inference to be drawn from it." *Id.* at 2–3. The District Court, as a result, denied Torres's petition.

In an order dated December 12, 2003, we granted petitioner's motion for a certificate of appealability "for the limited purpose of having the parties brief whether [petitioner's] right to due process was violated when evidence of prior bad acts was admitted against him at trial," specifically directing counsel "to brief whether the testimony stating that [petitioner] had previously been arrested by the 'Brooklyn Sex Crime[s] Squad' was so prejudicial as to deny [petitioner] a fair trial." *Torres v. Keane,* —— Fed.Appx. ——, No. 01–2283, 2005 WL 3323002 (2d Cir. Dec. 8, 2003). Having reviewed the parties' briefs and the record on appeal, we agree with the judgment of the District Court and hold that, given the overwhelming evidence presented at trial of petitioner's guilt—evidence that was independent of the investigation by the Brooklyn Sex Crimes Squad at the time of petitioner's prior arrest, and which petitioner fails to rebut here—any error in the admission of the challenged testimony did not "amount to a denial of due process," because the testimony was not "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the

record without it." *See Dunnigan v. Keane,* 137 F.3d 117, 125 (2d Cir.1998) (internal quotation marks omitted). The District Court, therefore, did not err in denying Torres's petition.[2]

\* \* \* \* \* \*

We have carefully considered all of petitioner's arguments on appeal and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

1989, on a matter unrelated to the charges before you in this case. You are not to speculate as to the grounds for that arrest. You may not draw any inference unfavorable to the defendant from that testimony. *See Torres,* 97 Civ. 3403, Mem. & Order, at 2.

2. Petitioner's additional argument that the trial court erred by admitting certain statements made by petitioner to his victim falls outside the scope of the certificate of appealability granted by this court; accordingly, we lack jurisdiction to address that claim. *See Hines v. Miller,* 318 F.3d 157, 162 (2d Cir.2003).